IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. H-99-721-01 |
| | § | |
| TERRANCE ALONZO POE, | § | |

## **ORDER**

On February 24, 2000, the defendant, Terrance Alonzo Poe, pled guilty to charges of conspiracy to launder funds in violation of 18 U.S.C. § 1956(h).  Pending before the Court are Poe's "Motion for Speedy Trial" [Doc. # 227] and "Motion for Speedy Revocation" [Doc. # 226] of his supervised release.  For reasons set forth briefly below, the "Motion for Speedy Trial" is denied and the "Motion for Speedy Revocation" is granted.

In a judgment entered on August 23, 2000, the Court sentenced Poe to serve forty-six months of imprisonment, followed by a three-year term of supervised release.  After his release from federal prison, Poe was arrested on August 14, 2002, and charged in state court with the felony offense of evading arrest.  That charge was ultimately dismissed.  On June 26, 2003, Poe was arrested and charged with forgery and fraudulent use or possession of identifying information.  On December 6, 2004, Poe pled guilty to those charges and received a prison sentence of fifteen months in the State Jail Division of the Texas Department of Criminal Justice.

Poe's recent conviction violated the terms and conditions of his supervised release. As a result, the Court issued a warrant on January 14, 2005 for the revocation of Poe's

supervised release. The warrant has not been executed, but federal officials have apparently placed a detainer on Poe, notifying state officials of the warrant for Poe's return to federal custody once he completes his state court sentence. Poe, who remains in state custody, seeks a "speedy" revocation hearing in federal court. He complains that the federal detainer has diminished the chance of "improving [his] custody status." In that respect, Poe alleges that the detainer has interfered with his participation in certain rehabilitive programs.

The Sixth Amendment provides the right to a speedy trial "in all criminal prosecutions[.]" The revocation of supervised release is not a criminal prosecution. *See United States v. Marmolejo*, 915 F.2d 981, 983 (5th Cir. 1990). Thus, there is no correlative right under the Sixth Amendment to a speedy revocation proceeding. *See Moody v. Daggett*, 429 U.S. 78 (1976) (a prisoner in a federal penitentiary who is subject to a federal parole-violation detainer is not constitutionally entitled to a prompt parole-revocation hearing); *see also United States v. Tippens*, 39 F.3d 88, 89-90 (5th Cir. 1994) (holding that the execution of a warrant for violation of supervised release is not subject to the Sixth Amendment's speedy trial requirement). The right to a revocation hearing does not accrue until the warrant has been executed and the defendant is taken into federal custody. Poe has no right to a speedy revocation hearing.

Nevertheless, the Court in the exercise of its discretion, elects to proceed promptly with the revocation proceedings. It is therefore

**ORDERED** that Poe's Motion for Speedy Trial [Doc. # 227] is **DENIED**. It is further

**ORDERED** that Poe's "Motion for Speedy Revocation" [Doc. # 226] is **GRANTED**.

It is further

**ORDERED** that The Probation Office is directed to issue a warrant for Poe's arrest, without bond and the Marshal serve the warrant promptly upon Poe.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **September 6, 2005.**

_____
Nancy F. Atlas
United States District Judge